UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DISTRICT BREWING COMPANY, INC.
d/b/a "Columbus Brewing Company,"

    Plaintiff,

                                                     Civil Action 2:15-cv-3114
                                                     Judge Algenon L. Marbley
    v.                                               Magistrate Judge Chelsey M. Vascura

CBC RESTAURANT, LLC
d/b/a "Columbus Brewing Company
Restaurant,"

    Defendant.

## OPINION AND ORDER

On August 30, 2017, Defendant, CBC Restaurant, LLC, filed its Motion to Reduce Plaintiff's Expert Witness Fees. (ECF No. 61.) Defendant asserts that the hourly rate and number of hours submitted by Plaintiff's expert witness, Dr. Sashi Matta, PhD, are unreasonable. In particular, Defendant contends that $500.00 per hour is "outrageous" and that his single block of nineteen hours for deposition preparation gives no guidance as to the amount of time he spent on particular tasks. Defendant argues that, without additional information as to how Dr. Matta spent that time, the Court cannot find that the amount of time was reasonable.

On August 31, 2017, Plaintiff, District Brewing Company, Inc., filed its Motion to Compel the Payment of Its Expert's Invoice for His Deposition Take by Defendant. (ECF No. 62.) Plaintiff contemporaneously filed an attorney affidavit in support of its motion. (ECF No. 63.) Plaintiff seeks the payment of Dr. Matta's expert witness fees of $11,500.00 in full. Plaintiff states that the parties had previously agreed to pay each other's expert witnesses for

both preparation time and time being deposed. Indeed, Plaintiff has already paid Defendant's expert witness for preparation, deposition, travel, and one-day witness fee. (*Id.*) Defendant's expert charged $440.00 per hour for the eleven and one-half hours of preparation and five and one half hours for the deposition—a total of $7,480.00. (*Id.*) Plaintiff also filed its Memorandum in Opposition to Defendant's Motion to Reduce Plaintiff's Expert Witness Fees and another attorney affidavit in support on August 31, 2017. (ECF Nos. 64, 65.) Plaintiff reasserted its arguments in support of its own motion and noted that Dr. Matta's hourly rate had been known for over a year and that Defendant had been re-informed of Dr. Matta's hourly rate prior to the deposition. Additionally, Plaintiff noted that it intended to supplement its Memorandum with a more detailed invoice for the nineteen hours of preparation. On September 8, 2017, Plaintiff filed a Motion for Leave to File *Instanter* a Supplemental Memorandum in Opposition to Defendant's Motion to Reduce Plaintiff's Expert Witness Fees (ECF No. 66) and the Affidavit (ECF No. 67) of Plaintiff's counsel, attached to which is a more detailed invoice from Dr. Matta. The attached invoice breaks out the tasks performed by Dr. Matta and specifies the amount of time he spent on each of those tasks.

This matter is now before the Court to resolve the issues raised by the parties in their cross-motions relating to Dr. Matta's fees. In resolving those issues, the Court has considered the detailed invoice provided by Plaintiff's counsel on September 8 and hereby **GRANTS** Plaintiff's motion for leave to file counsel's affidavit and the invoice (ECF No. 66).

Federal Rule of Civil Procedure 26(b)(4)(E)(i) states that "[u]nless manifest injustice would result," a party must pay an expert a "reasonable fee for time spent in responding to discovery." The reasonableness of an expert witness fee is within the discretion of the Court, which considers a variety of factors in evaluating any particular witness's fee. *See Bonar v.*

*Romano*, No. 2:08-cv-560, 2008 WL 4280691, at *1 (S.D. Ohio Oct. 25, 2008). Those factors include the education and experience of the expert, the prevailing rates for similar experts, and the complexity of the information sought. *Id.* The Court may also consider "the prevailing rate for a comparable, available expert," *Anderson v. Jas Carriers, Inc.*, No. 1:12-cv-280, 2013 WL 991902, at *1 (S.D. Ohio Mar. 13, 2013), as long as that rate is not influenced by the "whatever-the-market-will-bear approach" that some experts use to set fees. *Jochims v. Isuzu Motors, Ltd.,* 141 F.R.D. 493, 496 n.3 (S.D. Iowa 1992).

Here, Dr. Matta's hourly rate of $500.00 per hour is reasonable. Defendant's sole argument in support of reducing the fee is that $500.00 is an "outrageous" rate. The Court observes, however, that Defendant's own expert, Jeffrey Standley, has charged $440.00 per hour in this case, and Defendant has not argued that Dr. Matta's expertise does not justify an hourly rate in the same range. Indeed, in the Court's estimation, Dr. Matta's education and experience in the subject matter of this litigation support his fee, and, absent evidence of a substantially lower prevailing rate, the Court considers $500.00 to be within the range of prevailing rates for comparable experts in light of Mr. Standley's fee.

Dr. Matta's deposition preparation time of 19 hours is likewise reasonable. Defendant challenged the number of hours spent by Dr. Matta on the ground that Plaintiff had not provided a detailed invoice and that the expert had assessed the total fee of $11,500 on the basis of just two blocks of time: one block of nineteen hours for deposition preparation and one block of four hours for deposition attendance. The Affidavit submitted by Plaintiff's counsel on September 8 (ECF No. 67) supplements the initial invoice with sufficient detail to convince the Court that the number of hours for each task is reasonable and consistent with thorough and careful preparation by an expert for a four-hour deposition.

Having carefully considered the parties' positions and the recently-filed Affidavit of Plaintiff's counsel, the Court finds no basis for reducing Plaintiff's expert witness fees. The Court hereby **DENIES** Defendant's Motion to reduce Plaintiff's Expert Witness Fees (ECF No. 61) and **GRANTS** Plaintiff's Motion to Compel the Payment of Its Expert's Invoice (ECF No. 62).

**IT IS SO ORDERED**.

 /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE